```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HELEN FALAH, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-1269 (JBS) |
| v. | **MEMORANDUM OPINION** |
| STATT CORPORATION, et al., | |
| Defendants. | |

**SIMANDLE**, District Judge:

    This matter came before the Court upon Defendants' motion to dismiss [Docket Item 9] and Defendants' motion for sanctions pursuant to Rule 11, Fed. R. Civ. P., against Plaintiff and Plaintiff's counsel [Docket Item 19].  THIS COURT FINDS AS FOLLOWS:

    Subject Matter Jurisdiction

    1.  Plaintiff asserted that the Court had alienage jurisdiction over this matter pursuant to 28 U.S.C. § 1332.[1] (Compl. ¶ 1.)  The Court, however, determined on reviewing the record that Plaintiff is a dual citizen of the United States and Israel, who is domiciled in Israel.  (Compl. ¶ 1; Pl. Ex. A.)  In Frett-Smith v. Vanterpool, 511 F.3d 396 (3d Cir. 2008), the Third Circuit held that a plaintiff domiciled abroad who is a dual

---

[1] Though in her complaint Plaintiff asserts diversity jurisdiction under 28 U.S.C. § 1332(a)(1), she goes on to claim that she is a resident and citizen of Israel, a "foreign state" within the meaning of § 1332(a)(2). (Compl. ¶ 1.)

United States and foreign citizen may not assert diversity or alienage jurisdiction under 28 U.S.C. § 1332.  After being given an opportunity to distinguish the present case from <u>Frett-Smith</u>, Plaintiff now concedes that <u>Frett-Smith</u> is applicable to Plaintiff's complaint and bars subject matter jurisdiction in this matter [Docket Items 22 & 23].  Plaintiff's complaint will therefore be dismissed for lack of subject matter jurisdiction.

<u>Rule 11 Sanctions</u>

2.   Though the Court does not have jurisdiction over the merits of Plaintiff's complaint, it retains jurisdiction over Defendants' motion for sanctions pursuant to Rule 11, Fed. R. Civ. P., and must rule on that motion before issuing a final judgment in this action.  <u>Gary v. Braddock Cemetery</u>, 517 F.3d 195, 201 (3d Cir. 2008); <u>Lazorko v. Pennsylvania Hosp.</u>, 237 F.3d 242, 247 (3d Cir. 2000) (citing <u>Willy v. Coastal Corp.</u>, 503 U.S. 131, 139, (1992)).  Defendants seek sanctions against Plaintiff and Plaintiff's counsel, based on their alleged failure to conduct a reasonable factual inquiry before bringing suit, which Defendants argue is brought for the purpose of harassing Defendants.  The Court finds that the circumstances of this case do not warrant sanctions under Rule 11.

3.   The decision whether to impose Rule 11 sanctions rests within the sound discretion of the Court.  Fed. R. Civ. P. 11(c); <u>Kuhns v. CoreStates Financial Corp.</u>, 998 F. Supp. 573, 577 (E.D. Pa. 1998); <u>see</u> <u>In re Prudential Ins. Co. Am. Sales Practice</u>

2

Litig. Agent Actions, 278 F.3d 175, 180 (3d Cir. 2002).  The Court of Appeals has noted that "the legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances, with reasonableness defined as an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact."  Ford Motor Co. v. Summit Motor Products, Inc., 930 F.2d 277, 289 (3d Cir. 1991) (internal quotations and citations omitted).  Sanctions are appropriate "only in the exceptional circumstance where a claim or motion is patently unmerit[ori]ous or frivolous."  Id. (internal quotations and citations omitted); Kuhns, 998 F. Supp. at 577 (Rule 11 sanction unwarranted "where conduct does not reach the point of clear abuse").

    4.  Defendants argue that sanctions are warranted because Plaintiff's claims based on an alleged inter vivos gift from her mother, Ruth Satt, lack factual support and therefore Plaintiff has failed to state a claim based on that gift for which relief may be granted.  Plaintiff's counsel responds that this claim was brought based on Plaintiff's own statements and a notarized letter allegedly from Ruth, bearing Ruth's signature, which suggests that on or about December 29, 2005, Ruth gave Plaintiff some amount of stock in Satt Corporation.[2]  (Wasserman Decl. ¶¶

---

[2] Defendants argue vigorously that Ruth Satt did not own any shares of Satt Corporation at the time she allegedly made this gift.  Plaintiff responds with equal vigor that Defendants have

3

3-4.)  Though it may be true that Plaintiff and Plaintiff's counsel, before any discovery has been completed, may not be able to prove all the necessary elements of an inter vivos gift, the Court finds that their conduct was not so abusive as to require sanctions.[3]  That Plaintiff's claim might not survive a summary judgment motion, however, does not trigger sanctions against Plaintiff or counsel; judgment may usually be entered upon the merits and the losing party is not guilty of sanctionable conduct.  On the other hand, if Plaintiff chooses to re-file her claim in a court of competent jurisdiction, the merits of the claim, and the prospect of sanctions for a groundless claim, can be revisited.

    5.  Furthermore, though the Court recognizes the acrimonious and litigious family history behind this particular action, the Court finds that there is insufficient evidence that this complaint was brought to harass Defendants and so will not order

---

not proven that Ruth truly transferred her stock before the alleged gift to Plaintiff, and further that there are suspicious aspects to this alleged transfer which raise concerns of fraud. This is a factual dispute, more appropriately raised in a motion for summary judgment or before a jury, over which the Court lacks subject matter jurisdiction.

[3] Defendants also briefly argue that Plaintiff and Plaintiff's counsel's conduct is sanctionable because Plaintiff's claims for certain payments under a Settlement Agreement with Defendants should be dismissed.  First, there would appear to be a genuine dispute as to whether those payments were made.  Second, even if Plaintiff should have requested one of those payments in an earlier state court proceeding, her late request before this Court does not constitute exceptional circumstances requiring sanctions.

sanctions on that ground.  Therefore, the Court will deny Defendants' motion for Rule 11 sanctions.  The accompanying Order will be entered.

**December 16, 2008**          **s/ Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                United States District Judge